IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:08-cr-00171-1 |
| v. | ) | 3:10-cr-00092-1 |
| | ) | Judge Nixon |
| CHRISTOPHER CHIPMAN | ) | |

## ORDER

Pending before the Court is Defendant Christopher Chipman's Pro Se Motion for Clarification and Modification ("Motion"), in which he requests the Court order the Bureau of Prisons to modify his restitution payment schedule while he is incarcerated, to prevent funds he receives from his family from being applied to his restitution. (Doc. No. 103.) Mr. Chipman also filed an Addendum to his Motion, in which he alternatively requests the Court waive the balance of his restitution based on a material change in his economic circumstances or set Mr. Chipman's restitution payment schedule based on his prison earnings. (Doc. No. 104.) The Government filed a Response, arguing the Court should not modify Mr. Chipman's payment schedule because the Bureau of Prisons' Inmate Financial Responsibility Program ("IRFP") is in the best position to determine the payment schedule based on the totality of Mr. Chipman's financial circumstances. (Doc. No. 108.)

The Court finds Mr. Chipman's Motion is premature because prior to raising a challenge under a program administered by the Bureau of Prisons, a defendant must first exhaust his administrative remedies. *See United States v. Wright*, No. 96-80876-3, 2010 WL 4639052, at *1 (E.D. Mich. Nov. 8, 2010) (citing *Urbina v. Thomas*, 270 F.3d 292, 295 n.1 (6th Cir. 2001)). The Bureau of Prisons has a defined an "Administrative Remedy Program [] to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R.

1

§ 542.10(a) (2012). Because Mr. Chipman has not indicated that he has already pursued his administrative remedies, the Motion is not ripe for adjudication by the Court. Mr. Chipman's Motion is **DENIED**. Mr. Chipman is free to refile his Motion upon a showing that he has exhausted his administrative remedies.

It is so ORDERED.

Entered this the 15th day of May, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT